NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2351

_____

HEANYI JOSEPH OKORAFOR,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A055-579-799
(Immigration Judge: Walter A. Durling)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2019

Before:  SHWARTZ, SCIRICA, and FUENTES, *Circuit Judges*.

(Opinion Filed:  October 24, 2019)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Heanyi Okorafor[1] challenges the decisions of the Board of Immigration Appeals ("BIA") and Immigration Judge ("IJ") denying deferral of removal under the Convention Against Torture ("CAT"), 8 C.F.R. § 208.17.[2] For the reasons discussed below, we conclude that we lack subject-matter jurisdiction over the issues presented in this petition for review[3] and will dismiss the petition in its entirety.

Petitioner presents three arguments for our consideration: whether (1) the IJ and BIA applied an erroneous method of assessing credibility; (2) the IJ and BIA failed to provide Mr. Okorafor with an opportunity to present corroborating evidence and used the lack of such evidence to find he lacked credibility; and (3) the IJ and BIA denied him due process by allowing the credibility determination to affect their dispositions. Mr. Okorafor did not present these arguments before the BIA, where he was represented by counsel. Instead, Mr. Okorafor contended CAT deferral was erroneously denied because "[t]he Immigration Judge did not accord proper weight to the graphic proof presented to her." J.A. 192. Within that context, Mr. Okorafor identified two other issues with the IJ's decision: (a) the IJ erred in finding there was no medical documentation of the injuries Mr. Okorafor claimed were caused by torture and (b) the IJ erred in finding that certain discrepancies in Mr. Okorafor's narrative were material. The BIA found these arguments meritless.

---

[1] Heanyi Okorafor is also known as Ifeanyi Okorafor. We refer to him as Mr. Okorafor.
[2] Mr. Okorafor originally petitioned for review of whether cancellation of removal was properly denied, but now concedes we cannot review this issue. Pet'r's Br. 1.
[3] Subject-matter jurisdiction existed with the BIA under 8 C.F.R. § 1003.1(b)(3).

We possess "jurisdiction under 8 U.S.C. § 1252(a)(1) to review a final order of the BIA denying CAT relief." *Myrie v. Attorney Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).[4] But, "the statute constrains our jurisdiction to 'constitutional claims or questions of law,' as 'factual or discretionary determinations are outside of our scope of review.'" *Id.* (quoting *Pierre v. Attorney Gen.*, 528 F.3d 180, 184 (3d Cir. 2008) (en banc)).

Although Mr. Okorafor has "dress[ed] up" his first two contentions "with legal clothing," they are factual challenges. *Pareja v. Attorney Gen.*, 615 F.3d 180, 187 (3d Cir. 2010) (citing *Jarbough v. Attorney Gen.*, 483 F.3d 184, 189 (3d Cir. 2007)). Our decision in *Abdulrahman v. Attorney General* is instructive. 330 F.3d 587, 594–95 (3d Cir. 2003). In *Pareja*, we held that issues presented before the BIA that concerned credibility determinations and the sufficiency of the evidence did not fall within our jurisdiction merely because the petitioner contended before us that the incorrect burden of proof was used. *Id.* Similarly, Mr. Okorafor's contentions before the BIA concerning the weight and sufficiency of the evidence, corroborating evidence, and credibility determinations cannot be recast as legal issues now that they are before us. We do not possess subject-matter jurisdiction to consider these issues as they concern factual or discretionary determinations by the IJ and BIA.

Our jurisdiction is further constrained by the requirement of exhaustion of administrative remedies. A "court may review a final order of removal only if . . . the

---

[4] Currently pending before us are the Government's June 30, 2017 and December 29, 2018 Motions to Dismiss, which also address subject-matter jurisdiction. In light of our decision here, those motions are moot.

alien has exhausted all administrative remedies available to the alien as of right." 8

U.S.C. § 1252(d)(1). "[A]n alien is required to raise and exhaust his or her remedies as to

each claim or ground for relief if he or she is to preserve the right of judicial review of

that claim." *Abdulrahman*, 330 F.3d at 594–95 (citing *Alleyne v. INS*, 879 F.2d 1177,

1182 (3d Cir. 1989)). Special rules apply, however, to due process claims. Exhaustion "is

not always required when the petitioner advances a due process claim." *Kahn v. Attorney

Gen.*, 448 F.3d 226, 236 n.8 (3d Cir. 2006) (quoting *Sewak v. INS*, 900 F.2d 667, 670 (3d

Cir. 1990)). But merely because an argument is couched "in the language of procedural

due process" does not qualify it for this exception. *Bonhometre v. Gonzales*, 414 F.3d

442, 448 (3d Cir. 2005). If the argument, stripped of its due process language, could have

been made before and adjudicated by the BIA, then it must be exhausted as any other

claim. *See* id.

   Mr. Okorafor contends the due process claim did not "mature until the BIA ruled

on the CAT claim." Pet'r's Reply Br. 5.[5] Mr. Okorafor is incorrect, as he argues within

the same paragraph that the BIA could have corrected this alleged error by the IJ. He did

not assert these alleged due process errors before the BIA. As such, the argument does

not fall within the small category of cases exempt from the requirement of administrative

---

[5] Mr. Okorafor also asserts that his due process right was violated because the IJ did not give him "notice of what corroboration will be expected," *Chukwu v. Attorney Gen.*, 484 F.3d 185, 192 (3d Cir. 2007), before the IJ ruled. *Toure v. Attorney Gen.*, 443 F.3d 310, 323-24 (3d Cir. 2006). The IJ's failure, however, did not prejudice Okorafor. *See Fadiga v. Attorney Gen.*, 488 F.3d 142, 155 (3d Cir. 2007). The IJ found Okorafor presented adequate facts on some issues and "assum[ed] that everything [Okorafor] indicated is true," and as a result, the IJ's conclusion did not rest on the absence of any corroborative evidence it found Okorafor failed to offer. J.A. 45.

exhaustion because it could have been addressed and remedied by the BIA. Accordingly,

we will dismiss this petition in its entirety for lack of subject-matter jurisdiction.